**Matthew A. Levin, OSB #003054**
MattLevin@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204-3730
Tel: (503) 295-3085
Fax: (503) 323-9105

FILED 7 AUG '14 15:59 USDC-ORP

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ABS-CBN CORPORATION**, a Philippines corporation; **ABS-CBN FILM PRODUCTIONS, INC.** d/b/a Star Cinema, a Philippines corporation; and **ABS-CBN INTERNATIONAL**, a California corporation,

Plaintiffs,

vs.

**JEFFREY ASHBY**, an individual; **LENIE ASHBY**, an individual; jointly d/b/a **WEBPINOYTAMBAYAN.COM**; **WATCHFILIPINOTV.COM**; **WATCHFILIPINOMOVIES.COM**; **PINOY-TVKO.COM; PINOYTVKO.BIZ**; **PINOY-TUBE.COM**; **MYPINOYTUBETV.COM**; **PINOYTALAGA.COM**; **PINOYSTREAMING.COM**; **PINOYMOVIEFAN.COM**; **PINOYTVEPISODES.NET**; **PINOYTVEPISODES.INFO**; and DOES 1-100,

Defendants.

Case No.: 3:14-CV-1275 HU

**PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

**FILED UNDER SEAL**

**Page 1 -  PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (hereinafter collectively, "Plaintiffs" or "ABS-CBN"), hereby do apply, on an *ex parte* basis, for entry of an Order Restraining Transfer of Assets against the Defendants Jeffrey Ashby and Lenie Ashby (the "Individual Defendants"), d/b/a the Subject Domain Names identified on Schedule "A" to Plaintiffs' *Ex Parte* Application for Temporary Restraining Order (the "Individual Defendants"), and Does 1-100 (with the Individual Defendants, collectively, "Defendants"), pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, and in support thereof submit the following memorandum of law.

## I. ARGUMENT

Plaintiffs seek to restrain Defendants' assets, including advertisement service accounts and financial institution accounts, which contain illegal profits generated by Defendants through their unlawful distribution and advertisement of ABS-CBN copyrighted content under the ABS-CBN trademarks without authorization. In light of the inherently deceptive nature of the Defendants' business, and Defendants' blatant violation of the federal trademark and copyright laws, Plaintiffs have good reason to believe Defendants will secret or transfer their ill-gotten assets beyond the jurisdiction of this Court unless they are restrained. As provided by the Lanham Act and the Copyright Act, Plaintiffs are entitled to recover the illegal profits gained through Defendants' unlawful distribution services under Plaintiffs' trademarks (see 15 U.S.C. § 1117(a)) and infringement of Plaintiffs' copyrighted works (see 17 U.S.C. § 504(a)-(c)). Therefore to preserve the disgorgement remedies authorized by Congress, Plaintiffs seek an *ex parte* order restraining Defendants' assets.

As part of the ongoing investigations regarding the infringement of ABS-CBN's Marks, Plaintiffs retained Investigator Robert Holmes ("Holmes"), the founder and CEO of

**Page 2 -  PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

IPCybercrime.com ("IPC"), a licensed private investigative firm located in Plano, Texas. As detailed in the Declaration of Robert Holmes in support hereof and Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction ("Holmes Decl."), filed contemporaneously herewith, Robert Holmes was able to locate the advertising revenue accounts of the Defendants in relation to the advertising networks set up to generate income on their infringing websites. The accounts are identified by Subject Domain Name below:

| Site | Advertising Service | Advertising Service Address and Telephone Number | Advertising Service E-mail | Personalized Account Number |
|---|---|---|---|---|
| webpinoytambayan.com | Adprotected JSC | No. 02/63 Le Duc Tho, Tu Liem District Ha Noi Capital, Viet Nam Tel: +84984899919 5 | info@adprotected.com | 641 |
| webpinoytambayan.com | Exact Media Inc. dba Ad Reactor | 1133 Broadway #706 New York, NY 10010 Tel: (646) 4177100 | .webmaster@exactmediainc.com | 513 |
| webpinoytambayan.com | Mad Ads Media LP | 717D Fellowship Rd. Mount Laurel, NJ 08054 Tel: (856) 8748928 | support@madadsmedia.com | 5731 |

Page 3 -   **PLAINTIFFS'** *EX PARTE* **APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

| Site | Advertising Service | Advertising Service Address and Telephone Number | Advertising Service E-mail | Personalized Account Number |
|---|---|---|---|---|
| webpinoytambayan.com, pinoytvko.biz | Matomy Media Group | c/o Matomy USA, Inc. 77 Water Street 12th Floor New York, NY, 10005 Tel: (212) 7711578 | info@matomymarket.com | 11881072 |
| watchfilipinotv.com, watchfilipinomovies.com, pinoymoviefan.com, pinoytalaga.com | Matomy Media Group | c/o Matomy USA, Inc. 77 Water Street 12th Floor New York, NY, 10005 Tel: (212) 7711578 | info@matomymarket.com | 11949838 |
| watchfilipinomovies.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003250 |
| watchfilipinotv.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003253 |
| pinoytalaga.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003257 |

| Site | Advertising Service | Advertising Service Address and Telephone Number | Advertising Service E-mail | Personalized Account Number |
|---|---|---|---|---|
| pinoytalaga.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003258 |
| watchfilipinomovies.com | Google Inc. dba DoubleClick | 1600 Amphitheater Way Mountain View, CA 94043 (650) 618-253-0000 | legal@google.com | ca-pub-1675729808019324 |
| mypinoytubetv.com | Google Inc. dba DoubleClick | 1600 Amphitheater Way Mountain View, CA 94043 (650) 618-253-0000 | legal@google.com | ca-pub-4958601300449566 |

(Holmes Decl. ¶ 5 and Compl. Ex. A thereto.)

A.  **An *Ex Parte* Order Restraining Transfer of Certain Assets is Appropriate.**

In addition to requested relief stated in Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction filed contemporaneously herewith, the Court should enter an order limiting the transfer of Defendants' unlawfully gained assets. Plaintiffs have already demonstrated that they will likely succeed on the merits of their claims. As such, under 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(a)-(c), Plaintiffs will be entitled to an accounting and payment of the profits earned by Defendants throughout the course of their unlawful copying

Page 5 -  PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

and distribution service scheme. Due to the deceptive nature of the Defendants' business and Defendants' deliberate violation of federal trademark and copyright laws, Plaintiffs respectfully request this Court grant additional *ex parte* relief restraining the transfer of all monies held or received by any person or entity, including the marketing/advertising partners identified above, for the benefit of any one or more of Defendants.

This Court has broad authority to grant such an order. The Supreme Court has provided that district courts have the power to grant preliminary injunctions to prevent a defendant from transferring assets in cases where an equitable interest is claimed. Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 144 L. Ed. 2d 319, 119 S. Ct. 1961 (1999). Moreover, almost every Circuit has interpreted Rule 65 of the Federal Rules of Civil Procedure to grant authority to courts to freeze assets *pendente lite*. See Mason Tenders Dist. Council Pension Fund v. Messera, 1997 WL 223077 (S.D.N.Y. May 7, 1997) (acknowledging that "[a]lmost all the Circuit Courts have held that Rule 65 is available to freeze assets *pendente lite* under some set of circumstances").

In light of the illicit nature of the Defendants' business, along with the ability of infringers to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, courts in the Ninth Circuit, among others, have particularly noted the significance of such asset freezes in cases involving infringing defendants. See, e.g., Reebok Int'l Ltd. v. Marnatech Enter., 737 F. Supp. 1515 (S.D. Cal. 1989), aff'd, 970 F.2d 552 (9th Cir. 1992); see also Levi Strauss & Co. v. Sunrise Int'l Trading, 51 F.3d 982 (11th Cir. 1995).

In Reebok v. Marnatech, for instance, the District Court granted Reebok a limited restraint of the defendants' assets for the purpose of preserving those assets, thus ensuring the availability of a meaningful accounting after trial. Reebok Int'l Ltd., 737 F. Supp. at 559. In

Page 6 -   **PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

affirming the decision, the Ninth Circuit determined that the plaintiff met its burden of demonstrating: (1) a likelihood of success on the merits; (2) immediate and irreparable harm as a result of defendants' infringing activities; and (3) that defendants might hide their allegedly ill-gotten profits if their assets were not frozen. Reebok Int'l Ltd., 970 F.2d 552, 563 (9th Cir. 1992). Moreover the Court reasoned: "because the Lanham Act authorizes the District Court to grant Reebok an accounting of [Defendant's] profits as a form of final equitable relief, the District Court has the inherent power to freeze [Defendant's] assets in order to ensure the availability of that final relief." Reebok Int'l Ltd., 970 F.2d. at 559. See also Republic of Philippines v. Marcos, 862 F.2d 1355, 1364 (9th Cir. 1988), cert. denied, 490 U.S. 1035 (1989) ("[a] court has the power to issue a preliminary injunction in order to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies").

Similarly, in Levi Strauss, the Eleventh Circuit upheld an order granting an asset restraint against an alleged counterfeiter where the complaint included a request for a permanent injunction and the equitable remedy of disgorgement of the alleged counterfeiter's profits under 15 U.S.C. § 1117. Levi Strauss, 51 F.3d at 987. Distinguishing Levi Strauss from two earlier cases not involving Lanham Act claims, the Court emphasized the necessity of the freeze holding that a "request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." Id. (citing Federal Trade Commission v. United States Oil and Gas Corp., 748 F.2d 1431, 1433-34 (11th Cir. 1984) (district court may exercise its full range of equitable powers, including a preliminary asset freeze, to ensure that permanent equitable relief will be possible)). In multiple recent cases similar to this matter, courts have entered the form of relief sought herein. See Chanel, Inc. v. The Unincorporated Association, 2:11-cv-03780-GAF-PJW (C.D.

Page 7 - **PLAINTIFFS'** *EX PARTE* **APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Cal. July 29, 2011) (Order freezing PayPal accounts used to receive monies from the sale of counterfeit goods); Acushnet Company v. Thomas Allan Thiede, et al., CV 12-02508-PHX-JAT (D. Ariz. Dec. 5, 2012) (Order restraining financial institution and Paypal accounts).

Using the power to issue provisional remedies ancillary to their authority to provide final equitable relief, numerous courts have granted orders restraining defendants from transferring their assets under trademark infringement claims. See, e.g., Reebok Int'l Ltd., 970 F.2d at 559; Levi Strauss, 51 F.3d at 987. See also United States of America ex. rel. v. Rahman, M.D., 198 F.3d 489, at 498-99 at n.2 (4th Cir. 1999) (acknowledging that a district court has authority to freeze assets to satisfy an equitable award of profits in actions alleging trademark infringement); Diane Von Furstenberg Studio v. Snyder, 2007 WL 3143690, at *2 (E.D. Va. Oct. 23, 2007) (upholding the restraint on alleged trademark infringer's assets).[1]

Courts in this Circuit have done the same in cases of alleged copyright infringement. See Datatech Enters. LLC v. FF Magnat Ltd., 2012 U.S. Dist. LEXIS 131711, at *14-15 (N.D. Cal. Sept. 14, 2012) (issuing preliminary injunction and freezing assets based on plaintiff's claim for disgorgement of profits involved an equitable remedy under § 504(b) of the Copyright Act; stating "Upholding copyright protections is in the public interest. . . . Absent the requested equitable relief, Datatech may well be entirely denied effective remedy for Magnat's alleged infringements.") (citations omitted)); Liberty Media Holdings, LLC v. FF Magnat Ltd., 2012 U.S. Dist. LEXIS 86663, at *2-3 (D. Nev. June 21, 2012) ("Freezing the domain names and any

---

[1] See also, Balenciaga America, Inc. v. Dollinger, Case 10-cv-2912(LTS) (S.D.N.Y. Oct. 8, 2010) (holding court had equitable power to freeze alleged infringer's assets to award Lanham Act claims); North Face Apparel Corp. v. TC Fashions, Inc., Case 05-cv-9083(RMB) (S.D.N.Y. Mar. 30, 2006) (upholding restraint on alleged trademark infringer's assets); Lorillard Tobacco Co. v. Montrose Wholesale Candies, Case Nos. 03-cv-4844, 03-cv-5311 (N.D. Ill. Nov. 8, 2005) (same); Animale Group Inc. v. Sunny's Perfume Inc., Case 07-cv-40200 (5th Cir. Dec. 5, 2007) (same).

**Page 8 -   PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

U.S. funds protects Plaintiff's ability to receive any possible relief. There is also a genuine public interest in upholding copyright protections. . . .) (citations omitted)).

Moreover, to provide complete equitable relief, courts have granted such orders without providing notice to defendants. Specifically, federal courts have held that where advance notice of an asset freeze is likely to cause a party to alienate the assets sought to be frozen, a temporary restraining order may be issued *ex parte*. See F.T. Int'l Ltd v. Mason, 2000 WL 1514881, at *3 (E.D. Pa. 2000) (granting *ex parte* TRO freezing Defendants' bank accounts upon finding that advance notice would likely have caused the Defendants to secret or alienate funds); CSC Holdings, Inc. v. Greenleaf Elec., Inc., 2000 WL 715601 (N.D. Ill. 2000) (granting *ex parte* TRO enjoining cable television pirates and freezing pirates' assets).

In this case, Defendants' blatant violations of federal trademark and copyright laws warrant an *ex parte* order restraining the transfer of their ill-gotten assets. Moreover, as Defendants' business is conducted almost entirely over the Internet, Plaintiffs have additional cause for *ex parte* relief, as Defendants may easily secret or transfer their assets without the Court's or Plaintiffs' knowledge.

### B. A Bond Should Secure the Injunction.

Because of the strong and unequivocal nature of Plaintiffs' evidence of infringement, Plaintiffs respectfully request this Court require it to post a bond of no more than ten thousand dollars ($10,000.00) in connection with this Application and the contemporaneously filed Application for Entry of Temporary Restraining Order, subject to increase should the restrained funds exceed $10,000.00. The posting of security upon issuance of a temporary or permanent injunction is vested in the Court's sound discretion. Fed. R. Civ. P. 65(c).

**Page 9 -  PLAINTIFFS' *EX PARTE* APPLICATION FOR ENTRY OF ORDER RESTRAINING TRANSFER OF ASSETS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

## CONCLUSION

In view of the foregoing, Plaintiffs respectfully request this Court enter an order restraining transfer of assets in the form submitted herewith.

DATED this 7th day of August, 2014.

MARKOWITZ, HERBOLD, GLADE
& MEHLHAF, P.C.

By: _____
Matthew A. Levin, OSB #003054
(503) 295-3085
Of Attorneys for Plaintiffs

newmal6\398671

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

| Domain Number | Domain Name |
| --- | --- |
| 1 | WEBPINOYTAMBAYAN.COM |
| 2 | WATCHFILIPINOTV.COM |
| 3 | WATCHFILIPINOMOVIES.COM |
| 4 | PINOY-TVKO.COM |
| 5 | PINOYTVKO.BIZ |
| 6 | PINOY-TUBE.COM |
| 7 | MYPINOYTUBETV.COM |
| 8 | PINOYTALAGA.COM |
| 9 | PINOYSTREAMING.COM |
| 10 | PINOYMOVIEFAN.COM |
| 11 | PINOYTVEPISODES.NET |
| 12 | PINOYTVEPISODES.INFO |