IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ABS-CBN CORPORATION**, a Philippine corporation; **ABS-CBN FILM PRODUCTIONS, INC.** d/b/a Star Cinema, a Philippine corporation; and **ABS-CBN INTERNATIONAL**, a California corporation,

Plaintiffs,

vs.

**JEFFREY ASHBY**, an individual; **LENIE ASHBY**, an individual; jointly d/b/a **WEBPINOYTAMBAYAN.COM**; **WATCHFILIPINOTV.COM**; **WATCHFILIPINOMOVIES.COM**; **PINOY-TVKO.COM**; **PINOYTVKO.BIZ**; **PINOY-TUBE.COM**; **MYPINOYTUBETV.COM**; **PINOYTALAGA.COM**; **PINOYSTREAMING.COM**; **PINOYMOVIEFAN.COM**; **PINOYTVEPISODES.NET**; **PINOYTVEPISODES.INFO**; and DOES 1-100,

Defendants.

Case No. 3'14 - CV - 1 275  HU

**ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

**FILED UNDER SEAL**

**THIS CAUSE** is before the Court on Plaintiffs' *Ex Parte* Application for Entry of

Temporary Restraining Order and Preliminary Injunction ("Application for Temporary

Restraining Order"). The Court has carefully reviewed the Application for Temporary

Restraining Order and is otherwise fully advised in the premises.

Plaintiff ABS-CBN Corporation, Plaintiff ABS-CBN Film Productions, Inc. d/b/a Star

Cinema, and Plaintiff ABS-CBN International ( "Plaintiffs" or "ABS-CBN") move, pursuant to

15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Fed. R. Civ. P. 65, for alleged violations of the

Lanham Act, 15 U.S.C. §§ 1114, and 1125(a); and copyright infringement under the Copyright

Act, 17 U.S.C. § 101 *et seq.*, for entry of a temporary restraining Order, and upon expiration of

the temporary restraining order, a preliminary injunction against Defendants,[1] for alleged

violations of the Lanham Act, 15 U.S.C. § 1114, 1125(a) and (d) and the Copyright Act, 17

U.S.C. § 101 *et seq.*

## I.    Factual Background[2]

1.    Plaintiff ABS-CBN International is the registered owner of the following

trademarks, which are valid and registered on the Principal Register of the United States Patent

and Trademark Office (the "ABS-CBN Registered Marks"):

| Trademark | Registration Number | Registration Date | Class / Services |
|-----------|---------------------|-------------------|------------------|
| **ABS-CBN** | 2,334,131 | March 28, 2000 | IC 038 – television broadcasting services via satellite and cable |
| **THE FILIPINO CHANNEL** | 1,994,383 | Aug. 20, 1996 | IC 038  – Cable television broadcast IC 041 – television show production and programming. |

*See* Declaration of Elisha Lawrence in Support of Plaintiffs' Application for Temporary

Restraining Order ["Lawrence Decl."] ¶ 5; *see also* United States Trademark Registrations of the

ABS-CBN Registered Marks at issue attached as Composite Exhibit A to the Declaration of

Elisha Lawrence in Support of Plaintiffs' Application for Temporary Restraining Order. The

---

[1] Defendants are Jeffrey Ashby and Lenie Ashby (the "Individual Defendants"), d/b/a the Subject Domain Names identified on Schedule "A" attached hereto, and Does 1-100.

[2] The Court bases this Order on the following facts from Plaintiffs' Complaint, Application for Temporary Restraining Order, and supporting evidentiary submissions.

ABS-CBN Registered Marks are used in connection with high quality services in the categories identified above. (Id.)

2.    ABS-CBN International is also, and at all times relevant hereto has been, the owner of all rights in and to the following common law trademark (the "Common Law Mark"):



| Trademark |
|:---:|

The ABS-CBN Common Law Mark is used in connection with high quality television broadcasting services via satellite and cable and has been in use for over 60 years. (Lawrence Decl. ¶ 6.) The ABS-CBN Registered Marks and the ABS-CBN Common Law Mark are collectively referred to herein as the "ABS-CBN Marks." *(Id.)*

3.    Plaintiffs are also the owners of the copyrighted works identified in Exhibit 1 to the Complaint.

4.    Defendants, through the Internet websites operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, publically performed, reproduced, and offered for reproduction by others Plaintiffs' copyrighted works using counterfeits, infringements, reproductions, and/or colorable imitations of the ABS-CBN Marks. *(See id.* ¶¶ 11-18.) Plaintiffs have submitted sufficient evidence showing Defendants have infringed the ABS-CBN Marks and copyrighted works. *(Id.)*

**Page 3 -    ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

5.     Although Defendants may not copy and infringe each ABS-CBN Mark for each

category of services protected, Plaintiffs have submitted sufficient evidence showing Defendants

have infringed, at least, one or more of the ABS-CBN Marks. (*See* Lawrence Decl. ¶¶ 11-18.)

## II.     LEGAL STANDARD

In order to obtain a temporary restraining order, a party must demonstrate that: (1) it is

likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of

preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the

public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v.*

*Natural Res. Def. Council, Inc.,* 129 S. Ct. 365, 374 (2008). *See also Am. Trucking Ass'n v. City*

*of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (applying the test to a preliminary

injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining

order without notice to the adverse party or its attorney if:

(A) specific facts in an affidavit or a verified complaint clearly show that
immediate and irreparable injury, loss, or damage will result to the movant
before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and
the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving

their underlying purpose of preserving the status quo and preventing irreparable harm just so

long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of*

*Teamsters & Auto Truck Drivers Local No. 70 of Alameida Cnty.,* 415 U.S. 423, 439 (1974).

## III.     ANALYSIS

The declarations Plaintiffs have submitted in support of its Application for Temporary

Restraining Order support the following conclusions of law:

**Page 4 -     ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF**
**TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON**
**MOTION FOR PRELIMINARY INJUNCTION**

A. Plaintiffs have a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, distribution and public performance of Plaintiffs' copyrighted works using counterfeits, reproductions, and/or colorable imitations of the ABS-CBN Marks.

B. Because of the infringement of the ABS-CBN Marks and Plaintiffs' copyrighted works, Plaintiffs are likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiffs' Complaint, Application for Temporary Restraining Order, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiffs and to consumers before Defendants can be heard in opposition unless Plaintiffs' request for relief is granted:

1. Defendants own or control the Subject Domain Names and associated websites which advertise, promote, and offer broadcasting distribution services using counterfeit and infringing ABS-CBN trademarks and infringing works in violation of Plaintiffs' copyrights;

2. There is good cause to believe that Defendants will continue to violate Plaintiffs' intellectual property rights; that consumers are likely to be misled, confused, and disappointed by the quality of Defendants' services; and that Plaintiffs may suffer loss of sales for their competing genuine services as well as an unnatural erosion of the legitimate marketplace in which Plaintiffs operate; and

C. The balance of potential harm to Defendants in restraining their operations if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their reputations and goodwill as creators and distributors of quality programming, if such relief is not issued.

**Page 5 - ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

D.     The public interest favors issuance of the temporary restraining order in order to protect Plaintiffs' trademark and copyright interests and protect the public from being defrauded by the Defendants palming off of their services as Plaintiffs' genuine services.

## IV.     CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Application for Temporary Restraining Order is hereby **GRANTED** as follows:

(1)     The Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with the Defendants having actual notice of this Order are hereby temporarily restrained from advertising, promoting, performing, copying, broadcasting, performing, and/or distributing any ABS-CBN content or copyrighted works; from infringing, counterfeiting, or diluting the ABS-CBN Marks, or using any marks similar thereto, in connection with the advertisement, promotion, or distribution of broadcasting services, from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the content or broadcast services of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiffs; from falsely representing themselves as being connected with Plaintiffs, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the public to believe any content or broadcasting services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiffs; from using any reproduction, counterfeit, infringement, copy or colorable imitation of the ABS-CBN Marks in connection with the publicity, promotion, advertising, or distribution of any content or broadcast services by Defendants; from affixing, applying, annexing or using in connection with the promotion, distribution, or advertisement of any

**Page 6 -     ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

content or broadcasting services, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' content or services as being connected with Plaintiffs, or in any way endorsed by Plaintiffs; from engaging in search engine optimization strategies using colorable imitations of the ABS-CBN name or trademarks; and from otherwise unfairly competing with Plaintiffs;

(2)     Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the ABS-CBN Marks or any confusingly similar trademarks, and ABS-CBN's copyrighted works or other broadcast content on or in connection with all Internet websites, and/or domain names owned, operated, or controlled by them, including the Internet websites operating under the Subject Domain Names as identified on Schedule "A" attached hereto (the "Subject Domain Names");

(3)     Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the ABS-CBN Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under the domain names used and controlled by Defendants;

(4)     Upon Plaintiffs' request, those with actual notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars, and domain name registries or their

**Page 7 -    ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF**
        **TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON**
        **MOTION FOR PRELIMINARY INJUNCTION**

administrators, shall cease facilitating access to any or all domain names and websites through which Defendants engage in the (i) copying, distribution, performance, and promotion of Plaintiffs' copyrighted works and\or broadcast content or (ii) use of the ABS-CBN Marks;

(5)     Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(6)     The domain name Registrars for the Subject Domain Names are directed to transfer to Plaintiffs' counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(7)     Upon Plaintiffs' request, the privacy protection service for any Subject Domain Name for which the Registrant uses such privacy protection service to conceal the Registrant's identity and contact information is ordered to disclose to Plaintiffs the true identities and contact information of those Registrants;

(8)     Upon entry of this Order, Plaintiffs shall provide a copy of the Order by e-mail to the registrar of record for each of the Subject Domain Names, so that the registrar of record of each of the Subject Domain Names may, in turn, notify each registrant of the Order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the domain names may be locked, Plaintiffs shall also provide notice and a copy of this Order to the registrant of each Subject Domain Name via e-mail to the e-mail address provided as part of the domain registration data for each of the Subject Domain Names identified in the Application for Temporary Restraining Order. If an e-mail address was not provided as part of the domain registration data for a Subject Domain Name, Plaintiffs shall provide notice and a copy of this Order to the operators of the Internet website via an e-mail address or online submission form provided on the Internet website operating under such Subject

**Page 8 -    ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION**

Domain Names.  Plaintiffs shall provide a copy of this Order to the registrars and the registries
for the Subject Domain Names for the purposes described in Paragraph 8, *infra*;

      (9)     The domain name Registrars for the Subject Domain Names shall immediately
assist in changing the Registrar of record for the Subject Domain Names, excepting any such
domain names which such Registrars have been notified in writing by Plaintiffs have been or
will be dismissed from this action, to a holding account with a Registrar of Plaintiffs' choosing
(the "New Registrar"). To the extent the Registrars do not assist in changing the Registrars of
Record for the domains under their  respective control within one (1) business day of receipt of
this Order and instructions on the change of the Registrars of Record, the top-level domain
(TLD) Registries (or their administrators)  for the respective Subject Domain Names, within five
(5) business days of receipt of this Order, shall, change or assist in changing, the Registrars of
record for the Subject Domain Names, excepting any such domain names which such Registries
have been notified in writing by Plaintiffs have been or will be dismissed from this action, to a
holding account with the New Registrar. As a matter of law, this Order shall no longer apply to
any Defendant or associated domain name dismissed from this action. Upon the change of the
Registrar of record for the Subject Domain Names, the New Registrar will maintain access to the
Subject Domain Names in trust for the Court during the pendency of this action. Additionally,
the New Registrar shall immediately institute a temporary 302 domain name redirection which
will automatically redirect any visitor to the Subject Domain Names to the following Uniform
Resource Locator ("URL") http://servingnotice.com/abscbn2/index.html whereon copies of the
Complaint and all other documents on file in this action are displayed. Alternatively, the New
Registrar may update the Domain Name System ("DNS") data it maintains for the Subject
Domain Names, which links the domain names to the IP addresses where their associated

**Page 9 -    ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF
                TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON
                MOTION FOR PRELIMINARY INJUNCTION**

websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will

cause the domain names to resolve to the website where copies of the Complaint, Temporary

Restraining Order, and all other documents on file in this action are displayed. After the New

Registrar has effected this change, the Subject Domain Names shall be placed on Lock status,

preventing the modification or deletion of the domains by the New Registrar or Defendants;

(10)    Plaintiffs may enter the Subject Domain Names into Google's Webmaster Tools

and cancel any redirection of the domains that have been entered there by Defendants which

redirect traffic to a new domain name or website and thereby evade the provisions of this Order;

(11)    Each Defendant shall preserve copies of all its computer files relating to the use of

any of the Subject Domain Names and shall take all steps necessary to retrieve computer files

relating to the use of the Subject Domain Names that may have been deleted before the entry of

this Order;

(12)    This Temporary Restraining Order shall remain in effect until ~~the hearing on the~~ *further order* of *the* *Court.*

~~Motion for Preliminary Injunction as set forth below, or until such further dates as set by the~~

~~Court or stipulated to by the parties;~~

(13)    This Temporary Restraining Order shall apply to the Subject Domain Names,

associated websites, and any other domain names or websites properly brought to the Court's

attention and verified by affidavit as being used by Defendants for the purpose of infringing the

ABS-CBN Marks at issue in this action, for the purpose of infringing Plaintiffs' copyrighted

works, and/or unfairly competing with Plaintiffs on the World Wide Web;

(14)    Pursuant to 15 U.S.C. § 1116(d)(5)(D), 17 U.S.C. § 502(a), and Fed. R. Civ. P.

65(c), Plaintiffs shall post a bond in the amount of Ten Thousand Dollars and Zero Cents

**Page 10 -    ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF
TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON
MOTION FOR PRELIMINARY INJUNCTION**

($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful

injunction or restraint, during the pendency of this action, or until further Order of the Court;

(15)    A hearing before this Court is **SET** for _8|15_, 2014, at _1:30 pm._, _Courtroom 14A_

of the _U.S. Courthouse, 1000 SW Third Ave, Portland_, Oregon. At that hearing,

Defendants and/or any other affected persons may challenge the appropriateness of this Order

and move to dissolve the same, and the Court will hear argument on Plaintiffs' Motion for

Preliminary Injunction;

(16)    **SERVICE:** Plaintiffs shall serve a copy of the Complaint, the Application for

Temporary Restraining Order, this Order, and all other pleadings and documents on file in this

action on Defendants by personally delivery, electronic mail and as described above and by

posting copies of the Complaint, the Application for TRO, and this Order, as well as all other

documents filed in this action on the website located at

http://servingnotice.com/abscbn2/index.html, within forty-eight (48) hours of control of the

Subject Domain Names being changed to the Court via the New Registrar's holding account, and

such notice so given shall be deemed good and sufficient service thereof.  Plaintiffs shall

continue to provide notice of these proceedings and copies of the documents on file in this matter

to Defendants by regularly updating the website located at

http://servingnotice.com/abscbn2/index.html or by other means reasonably calculated to give

notice which are permitted by the Court;

Noon on

(17)    By _8|13_, 2014, Defendants shall file with the Court and serve on Plaintiffs'

Restraining Order

counsel any Response to Plaintiffs' Motion for ~~Preliminary Injunction.~~ Plaintiffs shall file and

Noon

serve any Reply by _8|14_ __, 2014. These dates may be revised upon stipulation by all parties

and approval of the Court;

**Page 11 -    ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF**
**TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON**
**MOTION FOR PRELIMINARY INJUNCTION**

(18)    By ____ ~~on~~ _____, 2014, Plaintiffs and Defendants shall file Witness Lists identifying any witnesses that the parties expect to call at the preliminary-injunction hearing. At the option of the parties, direct testimony may be submitted in the form of written affidavits; however, all affidavits will be subject to live cross examination at the hearing;

(19)    Also by ___ on _____, 2014, Plaintiffs and Defendants shall file Exhibit Lists identifying any exhibits that the parties intend to introduce at the preliminary-injunction hearing. All exhibits shall be pre-labeled in accordance with the proposed Exhibit Lists. Exhibit labels must include the case number; and

(20)    **All Defendants are hereby notified that if they do not timely respond to** *as ordered herein* ~~**Plaintiffs' Motion for Preliminary Injunction**~~ **and do not appear at the scheduled hearing,** *or other orders* **the Court may enter a preliminary injunction against them by default.**

**DONE AND ORDERED** in Chambers at *US Courthouse, Portland*, Oregon, this *8* day of *August*, 2014, at *10:55 a.m*

_____
United States District Judge

Submitted by:

By: _____
Matthew A. Levin, OSB #003054
MattLevin@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-9105
Of Attorneys for Plaintiff

Copies provided to:    Counsel of record via CM/ECF

**Page 12 -    ORDER GRANTING EX PARTE APPLICATION FOR ENTRY OF
                TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON
                MOTION FOR PRELIMINARY INJUNCTION**

**SCHEDULE A**
**DOMAINS BY NUMBER AND SUBJECT DOMAIN NAMES**

| Domain Number | Domain Name |
|:---:|:---:|
| 1 | WEBPINOYTAMBAYAN.COM |
| 2 | WATCHFILIPINOTV.COM |
| 3 | WATCHFILIPINOMOVIES.COM |
| 4 | PINOY-TVKO.COM |
| 5 | PINOYTVKO.BIZ |
| 6 | PINOY-TUBE.COM |
| 7 | MYPINOYTUBETV.COM |
| 8 | PINOYTALAGA.COM |
| 9 | PINOYSTREAMING.COM |
| 10 | PINOYMOVIEFAN.COM |
| 11 | PINOYTVEPISODES.NET |
| 12 | PINOYTVEPISODES.INFO |