RECV'D 7 AUG '14 16:00 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ABS-CBN CORPORATION**, a Philippine corporation; **ABS-CBN FILM PRODUCTIONS, INC.** d/b/a Star Cinema, a Philippine corporation; and **ABS-CBN INTERNATIONAL**, a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>**JEFFREY ASHBY**, an individual; **LENIE ASHBY**, an individual; jointly d/b/a WEBPINOYTAMBAYAN.COM; WATCHFILIPINOTV.COM; WATCHFILIPINOMOVIES.COM; PINOY-TVKO.COM; PINOYTVKO.BIZ; PINOY-TUBE.COM; MYPINOYTUBETV.COM; PINOYTALAGA.COM; PINOYSTREAMING.COM; PINOYMOVIEFAN.COM; PINOYTVEPISODES.NET; PINOYTVEPISODES.INFO; and DOES 1-100,<br><br>Defendants. | Case No.: 3:14-CV-1275 HU<br><br>**TEMPORARILY** ~~ORDER GRANTING EX PARTE APPLICATION FOR ORDER~~ **ORDER** RESTRAINING TRANSFER OF ASSETS<br><br>**FILED UNDER SEAL** |

THIS CAUSE is before the Court on Plaintiffs' *Ex Parte* Application Order Restraining Transfer of Assets (the "Application for Asset Restraint"). The Court has carefully reviewed the Application, the entire court file and is otherwise fully advised in the premises.

By the instant Application, Plaintiffs, ABS-CBN Corporation, ABS-CBN Film Productions, Inc. d/b/a Star Cinema, and ABS-CBN International (hereinafter collectively, "Plaintiffs" or "ABS-CBN"), move *ex parte,* for an order restraining the advertisement service revenue accounts and financial institution accounts used by the Defendants Jeffrey Ashby and Lenie Ashby (the "Individual Defendants"), d\b\a the Subject Domain Names identified on

Page 1 -    ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER
            RESTRAINING TRANSFER OF ASSETS

Schedule "A" attached hereto, and Does 1-100 (with the Individual Defendants, collectively, "Defendants"), pursuant to Fed. R. Civ. P. 65, 28 U.S.C §1651(a), The All Writs Act, and the Court's inherent authority.

## I.    Factual Background

The Court bases this Order on the following facts from Plaintiffs' Complaint, the Application for Asset Restraint, the *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction, filed contemporaneously herewith (the "Application for TRO"), and supporting evidentiary submissions.

ABS-CBN International is a California Corporation with its principal place of business located at 150 Shoreline Drive, Redwood City, California 94065. ABS-CBN International is a subsidiary of ABS-CBN Corporation. ABS-CBN Corporation also owns ABS-CBN Film Productions, Inc. Both ABS-CBN Corporation and ABS-CBN Film Productions, Inc. are companies organized under the laws of the Republic of the Philippines with their principal places of business in Quezon City, Philippines. ABS-CBN International, ABS-CBN Corporation, and ABS-CBN Film Productions, Inc. are collectively referred to herein as "ABS-CBN." (*See* Declaration of Elisha J. Lawrence in Support of Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction, filed contemporaneously herewith ["Lawrence Decl."] ¶ 2.) ABS-CBN International is the registered owner of the following trademarks on the Principal Register of the United States Patent and Trademark Office, each of which are valid and incontestable pursuant to 15 U.S.C. § 1065 (collectively, the "ABS-CBN Registered Marks"):

| Trademark | Registration Number | Registration Date | Class / Services |
|---|---|---|---|
| **ABS-CBN** | 2,334,131 | March 28, 2000 | IC 038 – television broadcasting services via satellite and cable |
| **THE FILIPINO CHANNEL** | 1,994,383 | Aug. 20, 1996 | IC 038 – Cable television broadcast<br>IC 041 – television show production and programming. |

The Plaintiffs' Marks are registered and used in connection with high quality services in the categories identified above. (See Lawrence Decl. ¶ 5; *see also* United States Trademark Registrations of the Plaintiffs' Marks at issue ["ABS-CBN Trademark Registrations"] attached as Comp. Ex. A to the Lawrence Decl.)

ABS-CBN International is also, and at all times relevant hereto has been, the owner of all rights in and to the following common law trademark (the "Common Law Mark") used for over 60 years in connection with high quality television broadcasting services via satellite and cable (*Id.* ¶ 6.):

| Trademark |
|---|
|  |

The ABS-CBN Registered Marks and the ABS-CBN Common Law Mark are collectively referred to herein as the "ABS-CBN Marks." (*Id.*)

Plaintiffs retained Investigator Robert Holmes ("Holmes"), the founder and CEO of IPCybercrime.com ("IPC"), a licensed private investigative firm located in Plano, Texas. As detailed in the Declaration of Robert Holmes in support hereof and Plaintiffs' *Ex Parte* Application for Temporary Restraining Order and Preliminary Injunction ("Holmes Decl."), filed

Page 3 -   ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER
              RESTRAINING TRANSFER OF ASSETS

contemporaneously herewith, Robert Holmes was able to locate the advertisement services revenue accounts of the Defendants in relation to the advertising networks set up to generate income on their websites. The accounts are identified by Subject Domain Name below:

| Site | Advertising Service | Advertising Service Address and Telephone Number | Advertising Service E-mail | Personalized Account Number |
|---|---|---|---|---|
| webpinoytambayan.com | Adprotected JSC | No. 02/63 Le Duc Tho, Tu Liem District Ha Noi Capital, Viet Nam Tel: +84988999195 | info@adprotected.com | 641 |
| webpinoytambayan.com | Exact Media Inc. dba Ad Reactor | 1133 Broadway #706 New York, NY 10010 Tel: (646) 4177100 | webmaster@exactmediainc.com | 513 |
| webpinoytambayan.com | Mad Ads Media LP | 717D Fellowship Rd. Mount Laurel, NJ 08054 Tel: (856) 8748928 | support@madadsmedia.com | 5731 |
| webpinoytambayan.com, pinoytvko.biz | Matomy Media Group | c/o Matomy USA, Inc. 77 Water Street 12th Floor New York, NY, 10005 Tel: (212) 7711578 | info@matomymarket.com | 11881072 |

Page 4 -    ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER RESTRAINING TRANSFER OF ASSETS

| Site | Advertising Service | Advertising Service Address and Telephone Number | Advertising Service E-mail | Personalized Account Number |
|---|---|---|---|---|
| watchfilipinotv.com, watchfilipinomovies.com, pinoymoviefan.com, pinoytalaga.com | Matomy Media Group | c/o Matomy USA, Inc. 77 Water Street 12th Floor New York, NY, 10005 Tel: (212) 7711578 | info@matomymarket.com | 11949838 |
| watchfilipinomovies.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003250 |
| watchfilipinotv.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003253 |
| pinoytalaga.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003257 |
| pinoytalaga.com | Gunggo Co. Ltd. dba DirectRev | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | 7270 Woodbine Ave. #100, Markham, ON L3R4B9; (416) 637-5079 | S0003258 |

Page 5 -    ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER RESTRAINING TRANSFER OF ASSETS

| Site | Advertising Service | Advertising Service Address and Telephone Number | Advertising Service E-mail | Personalized Account Number |
|---|---|---|---|---|
| watchfilipinomovies.com | Google Inc. dba DoubleClick | 1600 Amphitheater Way Mountain View, CA 94043 (650) 618-253-0000 | legal@google.com | ca-pub-1675729808019324 |
| mypinoytubetv.com | Google Inc. dba DoubleClick | 1600 Amphitheater Way Mountain View, CA 94043 (650) 618-253-0000 | legal@google.com | ca-pub-4958601300449566 |

Thereafter, a representative of Plaintiffs, Elisha J. Lawrence ("Lawrence"), reviewed the broadcast distribution services of ABS-CBN pirated content offered by Defendants via the Internet websites operating under the Subject Domain Names, and determined the distribution services were non-genuine, unauthorized ABS-CBN broadcast distribution services. (See Lawrence Decl. ¶ 16.)

Based on their investigation, Plaintiffs demonstrated Defendants have advertised, copied, uploaded, performed, and distributed ABS-CBN's copyrighted content for instant viewing, and used ABS-CBN's trademarks without authorization. (See Lawrence Decl. ¶¶ 16-18; Holmes Decl. ¶¶ 8-10.) Also, Defendants are not now, nor have they ever been authorized or licensed to use the ABS-CBN Marks. (See Lawrence Decl. ¶¶ 16-18.)

## II.     Conclusions of Law

The declarations Plaintiffs submitted in support of their Applications for TRO and Asset Restraint support the following conclusions of law:

**A.**     Under 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(a)-(c), Plaintiffs may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' advertisement, copying, and distribution of ABS-CBN's copyrighted content for instant streaming and use of ABS-CBN's trademarks without authorization. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'"). *See also Datatech Enters. LLC v. FF Magnat Ltd.*, 2012 U.S. Dist. LEXIS 131711, at *14-15 (N.D. Cal. Sept. 14, 2012) (issuing preliminary injunction and freezing assets based on plaintiff's claim for disgorgement of profits involved an equitable remedy under § 504(b) of the Copyright Act; stating "Upholding copyright protections is in the public interest. . . . Absent the requested equitable relief, Datatech may well be entirely denied effective remedy for Magnat's alleged infringements.") (citations omitted)); *Liberty Media Holdings, LLC v. FF Magnat Ltd.*, 2012 U.S. Dist. LEXIS 86663, at *2-3 (D. Nev. June 21, 2012) ("Freezing the domain names and any U.S. funds protects Plaintiff's ability to receive any possible relief. There is also a genuine public interest in upholding copyright protections. . . .) (citations omitted)).

**B.**     The Supreme Court has provided that district courts have the power to grant preliminary injunctions to prevent a defendant from transferring assets in cases where an equitable interest is claimed. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*,

527 U.S. 308, 144 L. Ed. 2d 319, 119 S. Ct. 1961 (1999). "A court has the power to issue a preliminary injunction in order to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies." *Republic of Philippines v. Marcos*, 862 F.2d 1355, 1364 (9th Cir. 1988), *cert. denied*, 490 U.S. 1035 (1989). Likewise, "[W]here an equitable remedy is available, the district court 'has the power to issue a preliminary injunction to preserve the status quo in order to protect the possibility of that equitable remedy.'" *Datatech Enters. LLC v. FF Magnat Ltd.*, 2012 U.S. Dist. LEXIS 131711,, at *11-12 (N.D. Cal. Sept. 14, 2012) (quoting *F.T.C. v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982) and citing *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 n.4 (9th Cir. 2003); *Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1160, 375 U.S. App. D.C. 270 (D.C. Cir. 2007)). "A plaintiff suing for copyright infringement may seek disgorgement of profits attributable to the infringement, see 17 U.S.C. § 504(b), which is a classic equitable remedy[.]" Id. (citing *Chauffeurs Local No. 391 v. Terry*, 494 U.S. 558, 570, 110 S. Ct. 1339, 108 L. Ed. 2d 519 (1990)).

    **C.**    In light of the inherently deceptive nature of the Defendants' business, and Defendants' blatant violation of the federal trademark and copyright laws; Defendants previous efforts to evade enforcement by moving Subject Domain Names upon notice of infringement; Defendants' use of false aliases in connection with the registration of the Subject Domain Names; use of overseas-based ad services (Adprotected JSC) increasing the likelihood of hiding of assets; and Defendants' association and operation within the "Pinoy Pirate" community of content uploaders; Plaintiffs have good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

    Accordingly, after due consideration, it is

**Page 8 -**     **ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER RESTRAINING TRANSFER OF ASSETS**

**ORDERED AND ADJUDGED** that Plaintiffs' *Ex Parte* Application for an Order Restraining Transfer of Assets is hereby **GRANTED** as follows:

(1)     In accordance with Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C §1651(a), The All Writs Act, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any advertisement services, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real personal property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any financial accounts associated with or utilized by any of the Defendants. This Order includes, but is not limited to, all accounts held for the benefit of the Defendants by Adprotected JSC, Exact Media Inc. dba Ad Reactor, Mad Ads Media LP, Matomy Media Group, Gunggo Co. Ltd. dba DirectRev, and Google Inc. dba DoubleClick (including all parent, subsidiary or otherwise related entities);

(2)     Any advertisement service or financial institution served with a copy of this Order shall, within five (5) days of being served, (1) provide Plaintiffs' counsel a statement reflecting any accounts with the advertisement service(s) or financial institution(s) subject to this Order and the dollar amount of any assets contained therein and (2) identify all financial institution accounts to which the advertisement service or financial institution served has transferred any monies or other assets on behalf of the Defendants from the identified restrained accounts. Such

disclosure of the related advertisement service revenue account or financial service account information shall be made without notice to the Defendants and account owners until further order of this Court. Any advertisement service or financial institution served with a copy of this Order shall maintain this Order and its contents as confidential (including with respect to its affected customer(s)) until further order of this Court;

(3)  This Order shall remain in effect until such further dates as set by the Court or stipulated to by the parties;

(4)  Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiffs shall post an <u>additional</u> bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint. In the Court's discretion, the bond may be subject to increase should the amount of the funds restrained exceed $10,000.00;

(5)  A hearing is set before this Court in the US Courthouse located at 1000 SW Third Ave, Portland, OR on 8/15, 2014, at 1:30 p.m, or at such other time that this Court deems appropriate, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same.

DONE AND ORDERED in Chambers at _____, Portland, Oregon, this 8th day of August, 2014, at 10:55 a.m.

_____
United States District Judge

Page 10 -   ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER
            RESTRAINING TRANSFER OF ASSETS

Submitted by:

By: _____
Matthew A. Levin, OSB #003054
MattLevin@MHGM.com
MARKOWITZ, HERBOLD, GLADE
 & MEHLHAF, P.C.
1211 SW Fifth Avenue, Suite 3000
Portland, OR  97204-3730
Tel:  (503) 295-3085
Fax:  (503) 323-9105
Of Attorneys for Plaintiff

Copies provided to:    Counsel of record via CM/ECF

**Page 11 -**     **ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER RESTRAINING TRANSFER OF ASSETS**

## SCHEDULE A
## DOMAINS BY NUMBER AND SUBJECT DOMAIN NAMES

| Domain Number | Domain Name |
| --- | --- |
| 1 | WEBPINOYTAMBAYAN.COM |
| 2 | WATCHFILIPINOTV.COM |
| 3 | WATCHFILIPINOMOVIES.COM |
| 4 | PINOY-TVKO.COM |
| 5 | PINOYTVKO.BIZ |
| 6 | PINOY-TUBE.COM |
| 7 | MYPINOYTUBETV.COM |
| 8 | PINOYTALAGA.COM |
| 9 | PINOYSTREAMING.COM |
| 10 | PINOYMOVIEFAN.COM |
| 11 | PINOYTVEPISODES.NET |
| 12 | PINOYTVEPISODES.INFO |